UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL GRONDAL, a Washington resident; and THE MILL BAY MEMBERS ASSOCIATION, INC., a Washington Non-Profit Corporation,<br><br>　　Plaintiffs,<br><br>　vs.<br><br>UNITED STATES OF AMERICA; US DEPARTMENT OF INTERIOR; BUREAU OF INDIAN AFFAIRS, et. al.,<br><br>　　Defendants. | NO.   CV-09-0018-JLQ<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

**BEFORE THE COURT** is Plaintiffs' Motion for Restraining Order (Ct. Rec. 8). On January 29, 2008 the court held a telephonic hearing. Participating attorneys were Jim Danielson and Kristin Ferrera, on behalf of Plaintiffs; Pamela DeRusha on behalf of the Defendant United States agencies; and R Bruce Johnston on behalf of Defendant Wapato Heritage, LLC. Also listening was Timothy Woolsey, attorney for the Colville Confederated Tribes.

ORDER - 1

Plaintiffs move the court for a temporary restraining order restraining and enjoining the defendants from "performing any act of closing the Mill Bay Recreational Vehicle Resort to members of the Mill Bay Resort, or any act that would cause harm to the members' interest," pending a hearing and determination of plaintiff's request for preliminary injunction. Plaintiffs contend in their Complaint that their leasehold interests giving them the right to occupy property known as MA-8, site of the Mill Bay Recreational Vehicle Resort, do not expire until the year 2034. According to the Affidavit of Paul Grondal (Ct. Rec. 16), a December 10, 2008 letter from the Superintendent of the BIA's Colville Agency addressed to the lessees of MA-8, including the Plaintiffs, stated the agency's position that the right to occupy any part of the MA-8 property would expire February 2, 2009 and that anyone remaining on the property after February 1, 2009 could be "in danger of being found in trespass." Ct. Rec. 16 at 13. The actual letter has not been submitted as part of the record evidence.

At the hearing, counsel for the United States represented that lease negotiations are presently ongoing and at this time they do not have the intention of taking any action that could result in injury/loss to the Plaintiffs. Counsel for Wapato Heritage took the same position as United States' and agreed that no action was intended at this time.

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974) (noting that a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). As such, an applicant for a temporary restraining order is required to demonstrate "immediate and irreparable injury, loss or damage." Fed. R. Civ. P. 65(b); *see also Caribbean Marine Serv. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir.1988).

ORDER - 2

The standard for issuing a temporary restraining order is similar to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D.Cal.1995). The Ninth Circuit recognizes two tests for demonstrating preliminary injunctive relief: the traditional test or an alternative sliding scale test. *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir.1987). Under the traditional test, a party must show: "1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005). Where a party demonstrates that a public interest is involved, a "district court must also examine whether the public interest favors the plaintiff." *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir.1992).

Alternatively, a party seeking injunctive relief under Fed.R.Civ.P. 65 must show either (1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party. *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002); Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999); *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998). " 'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.' " *Roe*, 134 F.3d at 1402 (*quoting United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992)). "Thus, 'the greater the relative hardship to the moving party, the less probability of success must be shown." *Sun Microsystems*, 188 F.3d 1115, 1119 (9th Cir. 1999) (quoting *Nat'l Ctr. for Immigrants Rights v. INS*, 743 F.2d 1365, 1369 (9th Cir.1984)).

The Ninth Circuit makes clear that a showing of immediate irreparable harm is essential for prevailing on a temporary restraining order. *See Caribbean Marine*, 844 F.2d at 674.

ORDER - 3

1  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a
2  preliminary injunction." *Id*.
3      Given the commitments of counsel made at the hearing of this matter, the court finds that
4  there is no showing of immediate irreparable injury. The statements allegedly set forth in the
5  December 10, 2008 letter, though of a threatening tone, do not constitute a showing of
6  immediate irreparable injury.
7      Accordingly, Plaintiffs' Motion for Restraining Order (Ct. Rec. 8) is **DENIED** with leave
8  to renew should the threat of an immediate irreparable injury arise.
9      The Plaintiffs are directed to act promptly to properly serve all parties with the
10 Complaint and respond to the United States' Motion to Transfer.
11     **DATED** this 29th day of January, 2009.

                                s/ Justin L. Quackenbush
                               JUSTIN L. QUACKENBUSH
                 SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4