FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 16, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL GRONDAL, a Washington resident; MILL BAY MEMBERS ASSOCIATION, INC., a Washington non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF INTERIOR; BUREAU OF INDIAN AFFAIRS; FRANCIS ABRAHAM; CATHERINE GARRISON; MAUREEN MARCELLAY, MIKE PALMER, also known as Michael H. Palmer; JAMES ABRAHAM; NAOMI DICK; ANNIE WAPATO; ENID MARCHAND; GARY REYES; PAULWAPATO, JR.; LYNN BENSON; DARLENE HYLAND; RANDY MARCELLAY; FRANCIS REYES; LYDIA W. ARMEECHER; MARY JO GARRISON; MARLENE MARCELLAY; LUCINA O'DELL; MOSE SAM; SHERMAN T. WAPATO; SANDRA COVINGTON; GABRIEL MARCELLAY; LINDA | NO: 2:09-CV-18-RMP<br><br>ORDER DENYING PLAINTIFFS' AND WAPATO HERITAGE, LLC'S MOTIONS FOR RECONSIDERATION OF BENCH TRIAL SCHEDULING ORDER |

| | |
|---|---|
| MILLS; LINDA SAINT; JEFF M. CONDON; DENA JACKSON; MIKE MARCELLAY; VIVIAN PIERRE; SONIA VANWOERKON; WAPATO HERITAGE, LLC; LEONARD WAPATO, JR.; DERRICK D. ZUNIE, II; DEBORAH L. BACKWELL; JUDY ZUNIE; JAQUELINE WHITE PLUME; DENISE N. ZUNIE; CONFEDERATED TRIBES COLVILLE RESERVATION; and ALLOTTEES OF MA-8, also known as Moses Allotment 8, | |
| Defendants. | |

BEFORE THE COURT is Paul Grondal's and Mill Bay Members Association, Inc.'s (collectively "Plaintiffs") Motion for Reconsideration of Bench Trial Scheduling Order, ECF No. 568, and Defendant Wapato Heritage, LLC's Motion to Reconsider Bench Trial Scheduling Order, ECF No. 569. The Court has considered the motions, the record, and is fully informed.

## BACKGROUND

Plaintiffs filed this action against all Defendants on January 21, 2009, and did not assert a demand for a jury trial in the Complaint or on the accompanying civil cover sheet. *See* ECF Nos. 1, 1-2. On April 3, 2009, the individual allotee landowners (collectively "Federal Defendants") answered and asserted counterclaims for trespass. ECF No. 42 at 24–25. On March 26, 2010, Wapato Heritage answered the Complaint and asserted cross-claims against all Defendants.

ORDER DENYING PLAINTIFFS' AND WAPATO HERITAGE, LLC'S MOTIONS FOR RECONSIDERATION OF BENCH TRIAL SCHEDULING ORDER ~ 2

1  Wapato Heritage's original answer and assertion of cross-claims did not include a
2  jury demand.  ECF No. 170.
3       On March 5, 2012, Wapato Heritage amended its answer and cross-claims to
4  include a jurisdictional statement.  ECF No. 228.  Wapato Heritage's amended
5  answer, ECF No. 228, specifies: "Pursuant to the Court's Order of February 16,
6  2012 the only amendment to the prior Answer (ECF-170) of Wapato Heritage, LLC
7  is the addition of the Jurisdiction section below. Wapato Heritage will seek leave to
8  further amend this pleading by separate motion." *Id.* at 1, n. 1.  The amended
9  answer itself is devoid of a specific jury demand or any reference to a jury, and is
10 entitled "First Amended Answer, Defenses, and Cross-Claims of Wapato Heritage."
11 ECF No. 228.  The pleading is captioned on the Court's Case Management
12 Electronic File ("CM/ECF") System as "AMENDED ANSWER to Complaint with
13 jury demand, CROSSCLAIM against All Defendants by Wapato Heritage LLC."
14      On March 22, 2012, the Federal Defendants moved for summary judgment on
15 the issue of ejectment of Plaintiffs from MA-8.  ECF No. 231.  On July 9, 2020, the
16 Court granted the Federal Defendants' motion, finding that Plaintiffs had no right to
17 occupy any portion of MA-8 after February 2, 2009.  ECF No. 503.
18      On October 6, 2020, this Court entered a Bench Trial Scheduling Order
19 "conducive to the just [and] speedy resolution of the action" to address the issue of
20 damages for trespass, Federal Defendants' crossclaim against Wapato Heritage for
21

ORDER DENYING PLAINTIFFS' AND WAPATO HERITAGE, LLC'S
MOTIONS FOR RECONSIDERATION OF BENCH TRIAL SCHEDULING
ORDER ~ 3

rent allegedly owed under the Master Lease, and any issues remaining after the conclusion of all motion practice. ECF No. 567; E.D. Wash. R. 16 (b)(1).

Plaintiffs and Wapato Heritage now move the Court to modify the Bench Trial Scheduling Order to schedule a jury trial on the issue of the Federal Defendants' damages arising from Plaintiffs' trespass of MA-8. ECF Nos. 568, 569. In the alternative, Plaintiffs and Wapato Heritage argue that the Court should empanel an advisory jury on the issue of trespass damages due to the extraordinary circumstances surrounding this case. ECF No. 568 at 8.

## LEGAL STANDARD

**Reconsideration**

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multonomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**Right of Trial by Jury**

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend. VII. "The right of a trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate." Fed. R. Civ. P. 38(a).

ORDER DENYING PLAINTIFFS' AND WAPATO HERITAGE, LLC'S MOTIONS FOR RECONSIDERATION OF BENCH TRIAL SCHEDULING ORDER ~ 4

However, "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). A party may demand a jury trial by (1) serving the other parties with a written demand no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d). Fed. R. Civ. P. 38(b). A written demand may be included in a pleading. *Id*. With respect to service, a paper may be served by sending it to a registered user by filing it with the court's electronic-filing system. Fed. R. Civ. P. 5(b)(2)(E).

## DISCUSSION

Plaintiffs and Wapato Heritage argue that the Court committed clear error in entering a Bench Trial Scheduling Order and denying their right to a jury trial because Wapato Heritage demanded a jury on March 5, 2012, when it filed its amended answer. ECF No. 568 at 4, 7. Plaintiffs rely on Wapato Heritage's purported demand for a jury trial. *See Fuller v. City of Oakland, California,* 47 F.3d 1552, 1530 (9th Cir. 1995) (once a proper demand is filed, other parties are entitled to rely on that demand for the issues it covers). The Federal Defendants argue that because Wapato Heritage did not include a proper jury demand in either its original or amended answer, Wapato Heritage waived the right to demand a jury trial. ECF No. 576 at 2.

There is no dispute that the Seventh Amendment entitles parties to a jury trial including for actions seeking damages for injury to property as well as those

sounding in contract. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962); *see also Ross v. Bernhard*, 396 U.S. 531, 533 (1970).

However, Fed. R. Civ. P. 38 "establishes an affirmative duty for a party to file a jury demand." *Fuller v. City of Oakland, California*, 47 F.3d 1552, 1530 (9th Cir. 1995). There is a strong presumption against "unintended waivers of the right to a jury trial." *Mondor v. U.S. District Court*, 910 F.2d 585, 587 (9th Cir.1990).

**Amended Pleading**

The demand for a jury which Plaintiffs and Wapato Heritage rely upon was allegedly made when Wapato Heritage filed its First Amended Answer, Defenses, and Cross-Claims on May 5, 2012. ECF No. 228. The Federal Defendants argue that because Wapato Heritage failed to request a jury trial in its original answer, Wapato Heritage could not later request a jury trial where no new issues were raised in the amended complaint. ECF No. 584.

A party may demand a jury trial by written demand no later than 14 days after the last pleading directed to the issue is served. Fed. R. Civ. P. 38(b); *see also Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 909 (9th Cir. 1983) ("Since Wall's other jury demands were made almost a year after the last pleadings were filed, he failed to make a timely demand for a jury trial under rule 38(b).").

"A demand for a jury trial first appearing in an amended pleading is only effective as a demand for a jury trial of issues raised the first time by the amendment." *Pradier v. Elepuru*, 641 F.2d 808, 810, n. 1 (9th Cir. 1981) (citing

ORDER DENYING PLAINTIFFS' AND WAPATO HERITAGE, LLC'S MOTIONS FOR RECONSIDERATION OF BENCH TRIAL SCHEDULING ORDER ~ 6

*Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1049–50 (9th Cir. 1974)); *see Lutz v. Glendale Union High School*, 403 F.3d 1061, 1066 (9th Cir. 2005) (plaintiff's right to demand a jury trial expired ten[1] days after defendant's answer was served, and the amended complaint did not revive that right as to issues raised in the original complaint); *see also Auld-Susott v. Galindo*, 2017 WL 9516619 at *2 (D. Haw. Nov. 22, 2017) (finding that because defendant's first amended answer did not raise new issues or claims, defendant's right to demand a jury trial was not revived).

Here, Wapato Heritage's original answer and assertion of cross-claims did not include a jury demand nor did it reference a jury. ECF No. 170. Furthermore, Wapato Heritage's First Amended Answer does not assert new issues; rather, Wapato Heritage specified that "the only amendment to the prior Answer (ECF-170) of Wapato Heritage, LLC is the addition of the Jurisdiction section below." *Id.* at 1, n. 1. Wapato Heritage did not initially demand a jury trial and did not raise new issues in its amended answer; thus Wapato Heritage's right to demand a jury trial was not revived nearly two years later. ECF No. 228.

As there is no proper jury demand on which Plaintiffs may rely, Plaintiffs' request for a jury trial is without merit. Since there is no proper demand for a jury

---

[1] The operative Rule 38(b) at the time of the *Lutz* decision provided ten days for the filing and service of a jury demand.

ORDER DENYING PLAINTIFFS' AND WAPATO HERITAGE, LLC'S MOTIONS FOR RECONSIDERATION OF BENCH TRIAL SCHEDULING ORDER ~ 7

trial in the record, the Court did not commit a clear error in entering a Bench Trial Scheduling Order.

**Electronic Demand**

Even if Wapato Heritage's demand was effective, which the Court finds that it is not, demanding a jury trial via the CM/ECF System does not clearly satisfy the requirements set forth in Fed. R. Civ. P. 38(b)(1). The parties dispute whether an "electronic jury demand," purportedly made by selecting the appropriate prompts upon filing a pleading on the CM/ECF System, resulting in a notation of a jury demand appearing on the docket sheet, satisfies the requirements under Rule 38. ECF No. 579 at 5.

A written demand for a jury trial may be included in a pleading, although the rule does not expressly require that such demand be included in a pleading. Fed. R. Civ. P. 38(b)(1). Rather, including a demand for a jury trial in a pleading is merely one way in which a party may satisfy the "written demand" requirement. Alternatively, a party may serve and file a separate jury demand pleading, which is preferable. *See Lutz*, 403 F.3d at 1064 ("Ideally, [the Court] would prefer that parties make jury trial demands 'in a separate document or set off from the main body of the pleading in order to make [them] readily recognizable.'") (quoting Charles Alan Wright & Arthur R. Miller, 9 *Federal Practice and Procedure* § 2318, at 135 (2d ed.1994)).

Although the standard governing what suffices for a proper jury demand is flexible, a party's demand for a jury trial should be "sufficiently clear to alert a careful reader that a jury trial is requested on an issue." *Lutz*, 403 F.3d at 1064. The Ninth Circuit has held that "checking the jury demand box on the civil cover sheet is insufficient to meet the requirements of rule 38(b)." *Wall*, 718 F.2d at 909 (9th Cir. 1983). This is because a civil cover sheet is "an administrative document designed to facilitate the court's management of a trial and is not served on the opposing party." *Id.*

Here, Wapato Heritage did not expressly demand a jury trial in a pleading or in a separate document, reference a jury in the body of a pleading, nor include "jury demand" in the title of its First Amended Answer. *See Lutz*, 403 F.3d at 1065 (finding that reference to jury in the prayer for relief, requesting damages in "such amount as may be awarded by a jury," was sufficient to "demand a trial by jury" on those issues). Rather, the only reference to a jury demand by Wapato Heritage is the First Amended Answer's caption on the docket sheet of the CM/ECF System: "AMENDED ANSWER to Complaint with jury demand, CROSSCLAIM against All Defendants by Wapato Heritage LLC." ECF No. 228.

The purpose of Rule 38's jury demand requirement is to "inform the Court and counsel well in advance of trial as to the trial method desired." *Lutz*, 403 F.3d at 1065 (citations omitted). To the extent that this goal is accomplished by an "electronic jury demand," selecting the appropriate prompt for a jury demand when

ORDER DENYING PLAINTIFFS' AND WAPATO HERITAGE, LLC'S MOTIONS FOR RECONSIDERATION OF BENCH TRIAL SCHEDULING ORDER ~ 9

electronically filing a pleading on the CM/ECF system may suffice. Additionally, unlike the civil cover sheet at issue in *Wall* which was not served on opposing parties, service on the opposing party is accomplished automatically through the CM/ECF system. However, because Wapato Heritage's demand is ineffective as part of an amended pleading, the Court need not resolve whether noting a demand for a jury trial via the CM/ECF system satisfies the requirements of Rule 38(b).

Wapato Heritage waived its right to a jury trial by not including a jury demand in its original answer or timely filing a separate pleading with that demand. The demand made by Wapato Heritage via the CM/ECF system when filing its First Amended Answer was ineffective regardless of the alleged deficiencies with respect to how the request was made. *See Pradier*, 641 F.2d at 810, n. 1 ("A demand for a jury trial first appearing in an amended pleading is only effective as a demand for a jury trial of issues raised the first time by the amendment."). The right to demand a jury trial was not revived when Wapato Heritage filed its amended pleading which raised no new issues or claims. Fed. R. Civ. P. 38(d). Accordingly, Plaintiffs may not rely on this demand in moving the Court to reconsider the Bench Trial Scheduling Order entered in this matter.

**Advisory Jury**

Alternatively, Plaintiffs and Wapato Heritage request that the Court empanel an advisory jury to assist in the calculation of trespass damages due to "extraordinary circumstances." ECF No. 568 at 8 (citing *Ollier v. Sweetwater Union*

*High Sch. Dist.*, 267 F.R.D. 338, 339 (S.D. Cal 2010)).  Pursuant to Fed. R. Civ. P. 39(c), the Court on motion or on its own may try any issue with an advisory jury.  Plaintiffs identify the "extraordinary circumstances" as confusion regarding whether a lease was extended to 2034  ECF No. 568 at 8.   The Court finds that there are no "extraordinary circumstances" of this case justifying the need for an advisory jury.  In addition, the Court is mindful of the risks posed by the novel COVID-19 pandemic and the possibility of undue delay should an advisory jury be empaneled.  *See* General Order No. 20-101-12 (E.D. Wash. Nov. 12, 2020); CARES Act, Pub. L. No. 116-136; State of Washington Office of the Governor, Proclamation 20-25.6, *"Safe Start – Stay Healthy" County-by-County Phased Reopening* (Jul. 7, 2020).  As the Court would remain the ultimate factfinder even if an advisory jury were empaneled, the Court does not find it necessary to impose on citizens during a pandemic to serve on an advisory jury in a case that can be resolved by the Court alone.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Reconsideration of Bench Trial Scheduling Order, **ECF No. 568**, is **DENIED**.

2. Wapato Heritage, LLC's Motion to Reconsider Bench Trial Scheduling Order, **ECF No. 569**, is **DENIED**.

3. This matter remains set for a bench trial as scheduled in the Bench Trial Scheduling Order at ECF No. 567.

ORDER DENYING PLAINTIFFS' AND WAPATO HERITAGE, LLC'S MOTIONS FOR RECONSIDERATION OF BENCH TRIAL SCHEDULING ORDER ~ 11

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** November 16, 2020.

                                     *s/ Rosanna Malouf Peterson*
                                  ROSANNA MALOUF PETERSON
                                    United States District Judge

ORDER DENYING PLAINTIFFS' AND WAPATO HERITAGE, LLC'S MOTIONS FOR RECONSIDERATION OF BENCH TRIAL SCHEDULING ORDER ~ 12