FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 02, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| PAUL GRONDAL, a Washington resident; MILL BAY MEMBERS ASSOCIATION, INC., a Washington non-profit corporation, | NO:  2:09-CV-18-RMP |
| Plaintiffs, | ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS REMAINING CLAIM AGAINST WAPATO HERITAGE, LLC |
| v. | |
| UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF INTERIOR; BUREAU OF INDIAN AFFAIRS; FRANCIS ABRAHAM; CATHERINE GARRISON; MAUREEN MARCELLAY, MIKE PALMER, also known as Michael H. Palmer; JAMES ABRAHAM; NAOMI DICK; ANNIE WAPATO; ENID MARCHAND; GARY REYES; PAULWAPATO, JR.; LYNN BENSON; DARLENE HYLAND; RANDY MARCELLAY; FRANCIS REYES; LYDIA W. ARMEECHER; MARY JO GARRISON; MARLENE MARCELLAY; LUCINA O'DELL; MOSE SAM; SHERMAN T. WAPATO; SANDRA COVINGTON; GABRIEL MARCELLAY; LINDA | ORDER DENYING AS MOOT WAPATO HERITAGE'S MOTION TO COMPEL |

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS
REMAINING CLAIM AGAINST WAPATO HERITAGE . . . ~ 1

1  MILLS; LINDA SAINT; JEFF M.
   CONDON; DENA JACKSON; MIKE
2  MARCELLAY; VIVIAN PIERRE;
   SONIA VANWOERKON; WAPATO
3  HERITAGE, LLC; LEONARD
   WAPATO, JR.; DERRICK D.
4  ZUNIE, II; DEBORAH L.
   BACKWELL; JUDY ZUNIE;
5  JAQUELINE WHITE PLUME;
   DENISE N. ZUNIE;
6  CONFEDERATED TRIBES
   COLVILLE RESERVATION; and
7  ALLOTTEES OF MA-8, also known
   as Moses Allotment 8,
8                              Defendants.

9

10        BEFORE THE COURT is the Federal Defendants' Motion to Dismiss

11  Remaining Claim Against Wapato Heritage, LLC under Federal Rule 41(a)(2), ECF

12  No. 646, and the Joint Motion of Wapato Heritage, LLC and Plaintiffs Paul Grondal

13  and the Mill Bay Members Associations, Inc. to Compel Discovery, ECF No. 625.

14  The Court has reviewed the motions, the record, and is fully informed.

15                              **BACKGROUND**

16        Wapato Heritage, LLC ("Wapato Heritage") was the Lessee of MA-8 in

17  accordance with Lease No. 82-21.  ECF No. 230 at 12.  The lease required that

18  quarterly rent be paid to the Bureau of Indian Affairs ("BIA") on behalf of the

19  Lessors, the individual allottees.  *Id.*  The Federal Defendants asserted a crossclaim

20  against Wapato Heritage, on behalf of the Indian beneficial owners of MA-8,

21

seeking the recovery of percentage rent owed for the last (partial) calendar quarter of Lease No. 82-21.  *See id.* at 13.

The Court entered judgment in favor of the Federal Defendants on their counterclaim for trespass asserted against Plaintiffs Paul Grondal and Mill Bay Members Association, Inc. (collectively "Mill Bay").  *See* ECF No. 503.  An assessment of monetary damages for Mill Bay's trespass remains pending before the Court.

The Federal Defendants disclosed Bruce Jolicoeur, a member of the Appraisal Institute ("MAI"), as their expert on October 29, 2020.  *See* ECF No. 626-1.  Mr. Jolicoeur's report values damages for trespass at $2,549,199.00.  *Id*. at 11.  The deposition of Mr. Jolicoeur was taken by Wapato Heritage and Mill Bay on December 17, 2020.  *See* ECF No. 626-2.  Wapato Heritage and Mill Bay claim that there are "substantial and pervasive flaws in Mr. Jolicoeur's proposed testimony." ECF No. 625 at 3–4.  Wapato Heritage has retained its own expert, Tim Vining, MAI.  *Id*. at 3.  Mill Bay also has retained its own expert.  *Id.*

Wapato Heritage, joined by Mill Bay, move this Court for an order compelling the BIA and the Confederated Tribes of the Colville Reservation ("Colville Tribes) to answer and respond to interrogatories and requests for production, as well as to produce a witness for Fed. R. Civ. P. 30(b)(6) depositions on six categories of information.  *See* ECF No. 625.

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS
REMAINING CLAIM AGAINST WAPATO HERITAGE . . . ~ 3

1       The Federal Defendants now move to dismiss with prejudice its crossclaim

2  asserted against Wapato Heritage for rent due.  *See* ECF No. 646.  Neither Wapato

3  Heritage nor Mill Bay objects to dismissal of the crossclaim with prejudice.  ECF

4  No. 649 at 2.  However, the parties disagree as to whether, upon dismissal of the

5  crossclaim, Wapato Heritage has standing to remain in the case and fully participate

6  in the determination of trespass damages.  *See id.*; *see also* ECF No. 651.

7                           **LEGAL STANDARD**

8       Pursuant to Fed. R. Civ. P. 41(a)(2), a plaintiff may dismiss an action with the

9  approval of the court.  "A motion for voluntary dismissal under Rule 41(a)(2) is

10  addressed to the district court's sound discretion and the court's order will not be

11  disturbed unless the court has abused its discretion."  *Stevedoring Servs. of Am. v.*

12  *Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).  "A district court should grant

13  a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show

14  that it will suffer some plain legal prejudice as a result."  *Smith v. Lenches*, 263 F.3d

15  972, 975 (9th Cir. 2001) (citations omitted).  "Legal prejudice" means "prejudice to

16  some legal interest, some legal claim, some legal argument."  *Westlands Water Dist.*

17  *v. United States*, 100 F.3d 94, 96 (9th Cir. 1996); *Hamilton v. Firestone Tire &*

18  *Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) ("Plain legal prejudice, however,

19  does not result simply when defendant faces the prospect of a second lawsuit or

20  when plaintiff merely gains some tactical advantage.") (citation omitted).

21

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS
REMAINING CLAIM AGAINST WAPATO HERITAGE . . . ~ 4

1    To remain as a party in a case, the party must have standing at each stage of

2    the litigation.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

3    Standing consists of three elements:  (1) Plaintiff must have suffered an "injury in

4    fact;" (2) there must be a causal connection between the injury and the conduct

5    complained of; and (3) it must be likely that the injury will be redressed by a

6    favorable decision.  *Id.* at 560–61.

## DISCUSSION

### I.    Dismissal of Crossclaim

9    Wapato Heritage and Mill Bay do not object to the Federal Defendants'

10   motion to dismiss with prejudice the crossclaim for rent due.  *See* ECF No. 646.

11   ECF No. 649 at 2.  Given Wapato Heritage's non-objection and the absence of any

12   showing of legal prejudice, the Federal Defendants' motion to dismiss the remaining

13   claim against Wapato Heritage is granted with prejudice.  *See Westlands Water*

14   *Dist.*, 100 F.3d at 96; *see also Hamilton*, 679 F.2d at 145.

### II.    Wapato Heritage's Standing After Dismissal of the Counterclaim

16   Wapato Heritage contends that the Court's dismissal of the Federal

17   Defendants' remaining crossclaim does not destroy Wapato Heritage's standing in

18   this action for three reasons:  (1) Wapato Heritage is an "allottee" who has a

19   beneficial interest in the judgment for Mill Bay's trespass and has been injured by

20   Mill Bay's conduct; (2) the facts demand that Wapato Heritage be able to participate

21   in the trial as a "counter-balance" to the Federal Defendants' handling of the matter;

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS
REMAINING CLAIM AGAINST WAPATO HERITAGE . . . ~ 5

and (3) Wapato Heritage has a vested interest in the impending judgment because Mill Bay has threatened Wapato Heritage with future litigation. ECF No. 649 at 3. The Court examines in turn each claimed basis for Wapato Heritage's continued participation in this matter.

### 1. Wapato Heritage's Status as an Allottee & Injury in fact

#### a) "Allotee"

Wapato Heritage maintains that it has standing to participate in this matter because it is an "allotee" by virtue of its possession of a life estate in Evans' MA-8 allotment interest. ECF No. 649 at 3. The Federal Defendants challenge Wapato Heritage's assertion that it is an "allottee." ECF No. 651 at 2.

"Allotment is a term of art in Indian law, describing either a parcel of land owned by the United States in trust for an Indian ("trust" allotment) or owned by an Indian subject to a restriction on alienation in the United States or its officials ("restricted" allotment)." *Cohen's Handbook of Federal Indian Law* § 16.03 (2019). "Indian allottee," for purposes of the chapter governing Oil and Gas Royalty Management, means "any Indian for whom land or an interest in land is held in trust by the United States or who holds title subject to Federal restriction against alienation." 30 U.S.C. § 1702(2). "Indian" means "any [natural] person who is a member of any Indian tribe, is eligible to become a member of any Indian tribe, or is an owner (as of Oct. 27, 2004) of a trust or restricted interest in land."

25 U.S.C. § 2201(2)(A).  "Life estate means an interest in property held for only the duration of a designated person's life."  25 C.F.R. § 179.2.

Wapato Heritage is a Washington Limited Liability Company holding an undivided life estate interest in MA-8 measured by the life of William Evans Jr.'s ("William Evans") last surviving great-grandchild with the remainder reverting to the Colville Tribes.  ECF Nos. 228 at 15, 361 at 44.  The parties do not dispute that "[e]xcept for the Colville Confederated Tribes and Wapato Heritage, LLC, all entities that hold an ownership interest in MA-8 are individuals who are either descendants of Wapato John or successors in interest through probate or purchase."  ECF Nos. 88 at 5, 391 at 2; *see also* ECF No. 228 at 13 (Wapato Heritage denying in its Amended Answer that the Colville Tribes are "allottees").

The issue now before the Court is whether the owner of an interest in allotted land is an "allottee," or if such term is specific to individual Indians as opposed to non-Indian beneficiaries, such as Wapato Heritage.  The Court finds that there are fundamental differences between an individual Indian and a non-Indian life tenant and the nature of their interests.  *See Inter Tribal Council of Arizona v. Babbitt,* 51 F.3d 199, 203 (9th Cir. 1995) ("The federal government owes a fiduciary obligation to all Indian tribes as a class . . . the elements of this type of common law trust are a trustee (the United States), a beneficiary (the Indian allottees) and a trust corpus (the regulated Indian property, lands or funds"); *see also* 25 U.S.C. § 2206 (governing

disposition of trust or restricted property); 25 C.F.R. §§ 179.1 *et. seq.* (governing life estates and future interests in trust or restricted property).

Whereas there is no dispute that the BIA owes fiduciary duties to individual allottees, such as Mr. William Evans, this Court has held repeatedly, and the Ninth Circuit has affirmed, that the BIA does not owe fiduciary duties to Wapato Heritage, who is neither "a Native American [n]or a Native American tribe." *Wapato Heritage, L.L.C. v. United States,* 423 F. App'x 709, 711 (9th Cir. 2011); *see also Wapato Heritage, LLC v. United States,* No. CV-08-177-RHW, 2009 WL 3782869, at *3 (E.D. Wash. Nov. 6, 2009) ("[Wapato Heritage] is simply in no position to enforce the Indian landowners' rights as beneficiaries of that trust.").

Furthermore, Wapato John, to whom MA-8 was allotted via a trust patent, was the original "allottee." "In general, [interests in trust or restricted land] may be devised in trust or restricted status only to a lineal descendant, any person who owns a pre-existing trust or restricted interest in the parcel, the Indian tribe with jurisdiction over the interest in land, or any Indian. Any trust or restricted interest that is not devised in accordance with those general rules may be devised only as a life estate to any person, with the remainder devised according to the general rules." *Cohen's Handbook of Federal Indian Law* § 16.05 (2019) (citing 25 U.S.C. 2206(b)(2)(A)). Accordingly, after Wapato John died, his interests in MA-8 passed to his heirs, such as Mr. William Evans. Wapato Heritage, as a non-Indian, acquired Mr. William Evans' interest in the allotted land in the form of a life

estate, and is so entitled to the revenue produced from that interest during the period of the life estate. 25 U.S.C. § 2205(c)(2)(B). However, as a non-Indian life tenant, Wapato Heritage lacks the authority to encumber MA-8 beyond the duration of the life estate. Unlike Wapato John, who was the original "allottee," as well as Wapato John's heirs, such as Mr. William Evans, Wapato Heritage only owns a present interest in MA-8, but has no future interest in the allotment. In sum, Wapato Heritage is not an heir of an "allottee" nor entitled to the same possessory interests in allotted land that an Indian heir would have.

Some courts use the term "allottee" to specifically address individuals who are Native American. *See, e.g.*, *Colville Confederated Tribes v. Walton*, 647 F.2d 42, 51 (9th Cir. 1981) (referring to parties as "Indian allottee" and "non-Indian purchasers of allotted lands"); *United States v. Adair*, 732 F.2d 1394, 1417 (9th Cir. 1983) (referring to party as "a non-Indian successor to an Indian allottee"). Wapato Heritage may be most properly described as a "non-Indian successor to an Indian allottee." *See Adair*, 732 F.2d at 1417. Therefore, the Court rejects Wapato Heritage's claim that it is an "allottee."

However, even if Wapato Heritage were an "allottee," it is not an "allottee" who suffered an "injury in fact" by Mill Bay's trespass.

### b) Injury in fact

Wapato Heritage must have suffered an "injury in fact" to have standing. Wapato Heritage contends that it has been injured by Mill Bay's trespass which will

be redressed by this Court in the form of damages.  *Id.*  The Federal Defendants

dispute that Wapato Heritage suffered an injury caused by Mill Bay's trespass.  ECF

No. 651 at 2.

The constitutional minimum of standing requires that the party have suffered

an "injury in fact."  An "injury in fact" is an invasion of a legally protected interest

which is (a) concrete and particularized and (b) "actual or imminent, not

'conjectural' or 'hypothetical.'"  *Lujan*, 504 U.S. at 560 (quoting  *Los Angeles v.*

*Lyons*, 461 U.S. 95, 102 (1983)).

As this Court has held repeatedly, because the Government is not a party to

the Master Lease, it has no contractual right to seek the ejectment of Plaintiffs from

MA-8.  ECF No. 144 at 24.  "Rather, any right that the Government has to eject

Plaintiffs from the land stems from the land's trust status."  ECF No. 503 at 16.

However, from the outset, Wapato Heritage has argued that MA-8 is not trust land.

ECF No. 228 at 23; *see also* ECF No. 503 at 19 ("Defendant/Cross-Claimant

Wapato Heritage is aligned with Plaintiffs on this issue and argues that MA-8 fell

out of trust status long before the Master Lease's inception."); ECF No. 503 at 22

("Plaintiffs and Wapato Heritage, who have been aligned with respect to every

motion since the case was transferred . . .").  Although Wapato Heritage has argued

against the Federal Defendants' authority to assert a trespass claim and the trust

status of MA-8, Wapato Heritage now asserts that it is entitled to a portion of the

judgment for trespass as an "allottee."

The doctrine of judicial estoppel "protects the integrity of the judicial process" by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (citations omitted). Wapato Heritage cannot deliberately change its position that MA-8 is trust land and that Wapato Heritage has been injured by Mill Bay's trespass, subsequent to an adverse judgment and because the changed position is now monetarily advantageous.[1] Additionally, as a product of settlement negotiations, Mill Bay agreed to pay Wapato Heritage increased rent through 2034. ECF No. 346-1 at 19 (Mill Bay Members agreeing to pay $30,000.00 in annual rent from 2009–2013, $35,000.00 from 2014–2018, and $40,000.00 from 2019–2023). Therefore, Wapato Heritage not only acquiesced to but profited financially since 2009 from Mill Bay's occupation of MA-8.

Furthermore, the threat of future litigation initiated by Mill Bay against Wapato Heritage is not a cognizable "injury-in-fact." *See Unites States ex rel. Truong v. Northrop Corp.*, 728 F.Supp. 615, 619 n. 5 (rejecting the possibility of

---

[1] The Federal Defendants, on behalf of the individual allottees, seek to recover damages for trespass measured by the amount of retrospective market rent. Although Wapato Heritage now claims it has been injured by Mill Bay's conduct like the individual allottees, and is so entitled to a portion of the judgment, Wapato Heritage moved the Court to compel discovery purportedly aimed at impeaching the Federal Defendants' expert and the expert's report on damages, a move contrary to the allottees' interest. *See* ECF No. 625.

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS
REMAINING CLAIM AGAINST WAPATO HERITAGE . . . ~ 11

1    future litigation as "injury in fact" because it is more appropriately classified as

2    "speculative harm.").  Additionally, the prospective "injury" of future litigation

3    between Mill Bay and Wapato Heritage cannot be redressed by this Court's

4    impending judgment on damages for trespass.  *Lujan*, 504 U.S. at 560–61.

5        The Court finds that Wapato Heritage has not suffered an "injury in fact," and

6    does not have standing with respect to the sole remaining issue in this case:

7    calculation of damages for Mill Bay's trespass.

8    **2.  Counter-Balance**

9        Wapato Heritage also argues that "the facts demand that Wapato Heritage be

10   able to participate in the trial as a counter-balance to the Federal Defendants'

11   handling of the matter."  Wapato Heritage fails to identify which facts should be

12   "counter-balanced" by its continued participation in this matter.  Wapato Heritage

13   also fails to provide any support that its alleged "counter-balance" is a proper basis

14   upon which to allow a non-party's continued participation.  Accordingly, the Court

15   finds that the facts and the law do not require that Wapato Heritage be able to

16   participate in the damages calculation in light of the dismissal of the Federal

17   Defendants' crossclaim.

18   **3.  Vested Interest due to Threat of Future Litigation**

19       Wapato Heritage claims that it has a "vested interest in the impending

20   judgment" because Mill Bay allegedly has threatened Wapato Heritage with future

21   litigation related to any judgment imposed against Mill Bay for trespass in this

matter. ECF Nos. 649 at 4, 650 at 2. As noted above, the possibility of future litigation is insufficient to establish standing. *See Unites States ex rel. Truong v. Northrop Corp.*, 728 F.Supp. at 619 n. 5.

Even if Wapato Heritage were to be allowed to remain as a party in this matter, the Court would not rule upon issues related to Wapato Heritage's liability, if any, for Mill Bay's trespass. There is no claim between Mill Bay and Wapato Heritage before the Court, nor is there an apparent basis for federal jurisdiction if there were such a claim. *See also* ECF No. 346-1 at 23 (Mill Bay and Wapato Heritage agreeing to submit unresolved disputes to arbitration). Although Wapato Heritage may have an interest in minimizing any award of damages for trespass in case there is a future lawsuit asserted by Mill Bay, any such suit is speculative and not sufficiently concrete to support standing. Thus, Wapato Heritage has not met the necessary threshold to show standing.

In conclusion, the Federal Defendants' remaining claim against Wapato Heritage for rent is dismissed with prejudice. Subsequent to dismissal of the Federal Defendants' crossclaim, the Court finds no basis for Wapato Heritage to assert standing or to continue participating in this case. Accordingly, Wapato Heritage is dismissed from this action.

### III. Wapato Heritage's Motion to Compel

Prior to the Federal Defendants' Motion to Dismiss its crossclaim, Wapato Heritage, joined by Mill Bay, moved this Court for an order compelling the BIA and

Colville Tribes to answer and respond to discovery requests propounded by Wapato Heritage.  *See* ECF No. 625.

"Both the Ninth Circuit and the plain language of Rule 37 make clear that only the "party seeking discovery" has standing to move to compel compliance with a discovery request."  *Progressive Specialty Ins. Co. v. Tiffin Motor Homes, Inc*., No. 3:17-CV-00405-BLW, 2019 WL 956794, at *1 (D. Idaho Feb. 27, 2019) (citing Fed. R. Civ. P. 37(a)(3)(B)); *Payne v. Exxon Corp.*, 121 F.3d 503, 510 (9th Cir. 1997)).

Having found that Wapato Heritage is dismissed as a party from this matter, its pending Motion to Compel is denied as moot.  *See Taddeo v. Am. Invsco Corp.*, Case No. 2:12-cv-01110-APG-NJK, 2016 WL 593522 at *2 (D. Nev. Feb. 12, 2016) (finding former defendant who obtained resolution in his favor should be treated as non-party for discovery purposes); *see also Almacen v. CDA-TODCO, Inc., No. C 91-0514 BAC,* 1993 WL 165298, at *1 (N.D. Cal. May 7, 1993) ("As the court has granted the federal defendant's motion to dismiss, plaintiff's motion to compel production of documents directed at [U.S. Department of Housing and Urban Development] is moot.").  Although Mill Bay joined Wapato Heritage's motion to compel, the underlying interrogatories, requests for production, and Rule 30(b)(6) deposition notice at issue were served on the Federal Defendants by Wapato Heritage, not Mill Bay.  *See* ECF No. 626-3, 626-11, 626-13; *see also Progressive Specialty Ins. Co. v. Tiffin Motor Homes, Inc*., No. 3:17-CV-00405-BLW, 2019 WL

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS
REMAINING CLAIM AGAINST WAPATO HERITAGE . . . ~ 14

956794, at *1 ("[Mill Bay] has failed to point to any federal court that has compelled discovery on behalf of a party that did not issue the discovery request.").  Therefore, Mill Bay has no outstanding discovery requests to compel and lacks standing to enforce another party's discovery requests.

However, should an appellate court rule otherwise, the Court will address the Tribes' sovereign immunity defense as well as other bases on which to deny Wapato Heritage's motion to compel, including the scope of "relevant information."

### 1. Colville Tribes' Sovereign Immunity

The Colville Tribes objected to Wapato Heritage's discovery requests on the basis that requests are barred by the doctrine of tribal sovereign immunity.  ECF No. 635 at 5.

Indian tribes long have been recognized as possessing the common-law immunity from suit traditionally enjoyed by other sovereign powers.  *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).  "The general rule is that a suit is against the sovereign. . . if the effect of the judgment would be to restrain the Government from acting, or to compel it to act."  *Dugan v. Rank*, 372 U.S. 609, 620 (1963).  The Tenth Circuit has held that "a subpoena duces tecum served directly on a non-party Tribe is a 'suit' against the Tribe, thereby triggering sovereign immunity."  *Bonnet v. Harvest (U.S.) Holdings, Inc.*, 741 F.3d 1155, 1160; *see also Alltel v. Commc'ns, LLC v. DeJordy*, 675 F.3d 1100 (8th Cir. 2012) (holding that "a

federal court's third-party subpoena in private civil litigation is a 'suit' that is subject to Indian tribal immunity.").

The *Alltel* Court distinguished the issue of a third-party subpoena on a non-party Tribe from the issue of discovery in those cases where the tribe is party. *See Alltel*, 675 F.3d at 1102–103. Where the tribe is a party, "the threshold immunity question has been answered—by tribal consent or waiver when the tribe is a plaintiff, or by a valid waiver or abrogation of immunity when it is a defendant." *Id.* at 1103.

As this Court previously has decided and discussed at length, the Colville Tribe has neither waived its sovereign immunity by contract nor by its conduct in this matter. *See* ECF No. 644 at 7–14. Wapato Heritage's discovery requests were "served directly on the Tribe," as opposed to a tribal official. *Bonnet*, 741 F.3d at 1160; *see* ECF Nos. 626-4, 626-13. "Suit" includes "judicial process" and discovery and the subsequent motion to compel are forms of judicial processes. *See Bonnet*, 741 F.3d at 1160. Therefore, the Court concurs with the Colville Tribes that the attempted discovery is barred by tribal sovereign immunity which the Tribes did not expressly waive. ECF No. 635 at 9.

Accordingly, even if Wapato Heritage had not been dismissed as a party, its motion to compel discovery as directed at the Colville Tribes would be denied.

/ / /

/ / /

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS REMAINING CLAIM AGAINST WAPATO HERITAGE . . . ~ 16

### 2. Scope of "Relevant Information"

The parties dispute the concept of proportionality vis-à-vis the needs of the case and the amount in controversy. *See* ECF No. 625, 626-10. Wapato Heritage's argument is unpersuasive that the scope of discovery is justified given the $2.6 million judgment sought by the Federal Defendants. ECF No. 642 at 2.

For example, Wapato Heritage's request for "a copy of each lease to which the BIA, in its own right or as trustee, or any allotee is a party, on any allotment land located within the United States" is not just overly broad, but plainly excessive to the remaining issue in this case. ECF No. 626-33 at 9. Wapato Heritage's argument, joined by Mill Bay, that these leases would lead to "relevant information" is premised on a faulty assumption that every lease "to which the BIA, in its own right or as trustee, or any allotee is a party, on any allotment land" is an "applicable comparable" for purposes of analyzing market rent for the trespassed portion of MA-8. There is no dispute that there are numerous active leases on allotted lands in the State of Washington and the United States. Mr. Jolicoeur's report does not suggest otherwise. However, there is no basis in the record to conclude that the value of the land occupied by Mill Bay in Washington would be comparable to the value of leased, allotted land in Missouri or New Mexico.

Additionally, Wapato Heritage requested the production of "all documents related to any proposed or completed sale, lease, purchase, devise, development, or valuation of MA-8 or any interest or part thereof." ECF No. 626-3 at 13.

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS
REMAINING CLAIM AGAINST WAPATO HERITAGE . . . ~ 17

"Documents" is broadly defined to include ESI and communications, the latter of which includes emails, letters, cards, memorandum, voicemails, and conversations. ECF No. 637-1 at 3. In the absence of any parameters, such requests are not reasonably calculated to the discovery of admissible evidence that is materially relevant to the remaining issue of determining damages for trespass. Fed. R. Civ. P. 26(b)(1).

Although the Federal Defendants seek a potential multi-million dollar judgment, this sum of money alone does not justify a fishing expedition for any document related to any portion of MA-8 to resolve the discrete issue in this case of determining damages for trespass, especially where experts have been disclosed and deposed and can be cross-examined or impeached at trial.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Federal Defendants' Motion to Dismiss Remaining Claim Against Wapato Heritage, LLC under Federal Rule 41(a)(2), **ECF No. 646**, is **GRANTED**.

2. The Federal Defendants' crossclaim against Wapato Heritage for failure to pay rent is **DISMISSED WITH PREJUDICE**.

3. Wapato Heritage is hereby **dismissed** and shall be removed as a party from this matter. The Clerk is directed to remove Wapato Heritage from the case caption.

4. Wapato Heritage's Motion to Compel, **ECF No. 625**, is **DENIED AS MOOT**.

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS REMAINING CLAIM AGAINST WAPATO HERITAGE . . . ~ 18

1        **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

2    Order, remove Wapato Heritage as a party, and provide copies to counsel and all

3    parties in this matter.

4        **DATED** February 2, 2021.

5

6                                    _s/ Rosanna Malouf Peterson_
                                    ROSANNA MALOUF PETERSON
                                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21